APR 2 2 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| ABIOLA D. BALOGUN-AWOSIKA | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. JFM-01-CV-1886 |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION | * | |
| Defendant. | * | |

* * * * * * * * * * *

**STIPULATED ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL**
(Local Rule 104.13)

Whereas, the parties have stipulated that certain discovery material be treated as "confidential" or for "attorneys' eyes only";

Accordingly, it is this 24th day of April, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. Designation of Discovery Materials as Confidential or for Attorneys' Eyes Only. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential or attorneys' eyes only information, as set forth below:

   (a) The designation of confidential or attorneys' eyes only information shall be made by placing or affixing on the document, in a manner which will not interfere with its

legibility, the words "CONFIDENTIAL" or " ATTORNEYS' EYES ONLY." One who provides material may designate it as attorneys' eyes only or confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. Except for documents produced for inspection at the party's facilities, the designation of confidential or attorneys' eyes only information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential or attorneys' eyes only. Once specific documents have been designated for copying, any documents containing sensitive information will then be marked confidential or attorneys' eyes only after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential or attorneys' eyes only documents before they are copied and marked confidential or attorneys' eyes only pursuant to this procedure.

(b)  Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representative shall be deemed attorneys' eyes only or confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as described above, shall also be deemed to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(c) Information or documents designated as confidential or attorneys' eyes only under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert

must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Documents designated as " attorneys' eyes only" shall be subject to the same restrictions as confidential documents (as indicated in subparagraph (d) above), as well as additional restrictions. **The documents designated as "attorneys' eyes only" shall not be disclosed to or discussed with the parties to the litigation, except when disclosure to a witness (including, but not limited to, the author or custodian of the document) is necessary to introduce such documents in evidence at trial.** The following categories of documents shall be deemed "attorneys' eyes only": (1) minutes from the faculty meetings of the Department of Ophthalmology at the University of the Maryland School of Medicine ("Department of Ophthalmology"); (2) personnel files of residents in the Department of Ophthalmology program (excluding Plaintiff); and (3) documents containing patient information. When producing documents designated "attorneys' eyes only," the party producing the documents may redact information which specifically identifies the individual (e.g., resident or patient) about whom the document refers. Otherwise, the substance of the redacted documents will remain in tact. Patients and residents shall be referred to by numbers and not names (e.g., Resident No. 1 or Patient No. 1).

(f) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential or attorneys' eyes only which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(g) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential or attorneys' eyes only under this Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" IF THOSE WORDS DO NOT ALREADY APPEAR.

2. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading; motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential or attorneys' eyes only information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous motion pursuant to L.R. 104.13(c)(hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential or attorneys' eyes only, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 4 of this Confidentiality Order.

3. Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of the designated information remains with the party asserting such confidentiality.

5. Return of Confidential Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential or attorneys' eyes only under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

_____
Peter E. Keith (Bar No. 01983)
Willie W. Williams (Bar No. 25639)
Gallagher, Evelius & Jones, LLP
218 North Charles Street, Suite 400
Baltimore, Maryland 21201
(410) 727-7702
Attorneys for Defendant University of Maryland Medical System Corporation

_____
Joseph T. Mallon, Jr.,
Mallon & McCool, LLC,
16 S. Calvert Street, Suite 1002,
Baltimore, Maryland 21202
Attorneys for Plaintiff Abiola D. Balogun-Awosika

SO ORDERED:

_____
Judge, United States District Court

1804301 www
006551-150

6